UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:18-cv-01630 |
| ) | |
| FIFTEEN (15) POSTAL SERVICE MONEY ) | |
| ORDERS VALUED AT $14,440.00 IN ) | |
| UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Debra G. Richards, Assistant United States Attorney, alleges on information and belief as follows:

### NATURE OF THE ACTION

1. This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. § 881(a)(6) because the Defendant Property constitutes proceeds of, or is property used to facilitate a violation of, the Controlled Substance Act.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has in rem jurisdiction over the Defendant Property pursuant to 28 U.S. C. § 1355(b) (forfeiture action can be brought in district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendant is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5. The Defendant is Fifteen (15) Postal Service Money Orders valued at Fourteen Thousand and Four Hundred Forty Dollars in United States Currency (hereinafter "14,440.00" or "Money Orders" or "Defendant Property") seized by the United States Postal Inspection Service ("USPIS") on December 11, 2017, from a package addressed to J. Littlejohn, P.O. Box 1381, Fullerton, CA 92836, bearing a return address of Michael Lewis, 8820 East 45st, Apt. #A, Indpls, IN 46226.  The Defendant Property was assigned Asset Identification Number 18-USP-000660.

6. The Defendant Property was seized at a United States Post Office located in Indianapolis, Indiana, and is now in the custody of the United States Postal Inspection Service ("USPIS").

## FACTS

7. On December 8, 2017, USPIS Inspectors seized the Defendant Property as part of an investigation into a suspicious package being mailed to California from Indianapolis, Indiana, that was based upon the USPIS receiving notification from postal employees regarding a suspicious money order transaction and mailing.

8. Narcotics traffickers have increasingly used mail delivery services, especially

overnight delivery services, to transfer illegal narcotics and payment for those narcotics throughout the country.  Narcotics traffickers know that packages sent by these delivery services are protected from inspection without a search warrant.  Traffickers know that they can track parcels, control dispatch times and locations, and have a guarantee of delivery in one or more business days by using overnight or priority delivery.  They know that any delay may indicate a compromised parcel.

9.      Parcels may be identified by law enforcement as suspicious when they meet several characteristics that have been identified through experience and training as those indicating use of the mail delivery services by narcotics traffickers.  For instance, a parcel may be mailed overnight to a state known to be a source for the importation of controlled substances.  Overnight parcels are typically sent by a business to a business, not generally from one individual to another.  Further, the label may be handwritten and not list a business account number.  Typically, individuals do not send packages by the more expensive overnight delivery service.

10.     Individuals involved in the trafficking of controlled substances and using parcels to conceal controlled substances and proceeds of their trafficking activity often pay cash for the shipping of the parcel to minimize detection of their identities.  They also seek to limit the contact information or provide false information on the labels and labels are often missing a full name and/or do not provide a telephone number.

11.     Parcels containing controlled substances or proceeds of controlled substance trafficking activity will commonly be disguised to look like normal parcels, will be packaged to blend in with other parcels, and will commonly have the controlled substance or proceeds packaged in a manner to avoid detection by a canine trained to detect the odor of controlled

substances.  For example, traffickers will often seal the parcel with excessive tape to prevent the odor of controlled substances from leaking from the parcel.  Inside of the parcel, or attached to the controlled substances, traffickers will commonly include air fresheners, dryer sheets, axle grease, or other items to prevent detection by an canine trained to detect the odor of controlled substances.

12. Traffickers also rarely include any type of instruction with the proceeds. Legitimate businesses or personal gifts contain notes, letters, receipts, cards or coupons along with the cash or monetary instruments.  Narcotics traffickers are known to use low denomination currency to conduct their business.  Law enforcement have found, in most cases, narcotics payments have been primarily in twenty-dollar denominations.

13. On December 5, 2017, a postal customer attempted to purchase over $3,000.00 in money orders with cash at the Indianapolis, IN 46226 post office.  In accordance with 31 C.F.R. § 1010.415, the USPS is required to maintain records of the sale of money orders over $3,000.00 by an individual purchaser.  In this case, the customer, Michael Lewis ("Lewis"), initially provided his driver's license to the clerk; however, upon being advised that his information would be recorded and reported, Lewis changed his purchase to under the $3,000.00 limit.  At the conclusion of this transaction, the Post Office recorded Michael Lewis' information on a Form 8105-B, Suspicious Transaction Report, for their records.

14. On December 7, 2017, Lewis again visited the Indianapolis, IN 46226 post office. Lewis purchased a $440.00 money order with cash and then placed this money order, along with what appeared to be other money orders, inside a USPS Priority Mail Express envelope, and presented the envelope for mailing.  Postal employees notified Postal Inspectors of Lewis' suspicious money order transactions and mailing.

15. On December 8, 2018, Postal Inspectors received a USPS Priority Mail Express parcel bearing tracking number EM016636130US, addressed to "J. Littlejohn, P.O. box 1381, fullerton, ca 92836," bearing a return address of "Michael Lewis, 8820 East 45st, APT #A, Indpls, IN 46226. The parcel was postmarked December 7, 2018, and consisted of a white USPS envelope, measuring approximately 12.5" x 9.5," weighing approximately 5 ounces, with a handwritten label, mailed from the Indianapolis, IN 46226 post office.

16. The Inspectors queried the return address shown for Michael Lewis and the inquiry indicated that the physical address of "8820 E. 45th St., Apt. A, Indianapolis, Indiana, 46226," was a good delivery address. Because Postal employees had recorded Lewis' Indiana driver's license during the sale of the money orders, the Postal Inspectors were able to positively identify Lewis as the customer who had purchased the money orders. Based upon this information, the Inspectors were able to determine that Lewis had an extensive criminal history, to include narcotics distribution charges.

17. The Inspectors also queried the mailing address shown for J. Littlejohn, and the inquiry indicated that P.O. Box 1381, Fullerton, California, 92836, is a good deliverable address. However, the name "J. Littlejohn" was not associated with that Post Office box. When the Fullerton, CA 92836 post office was contacted, they indicated that the receipt/application for Post Office Box 1381 indicated that Jamil Littlejohn was the current applicant, and that Littlejohn had listed his address as 3051 12th Avenue, Los Angeles, California, 90018.

18. A Priority Mail Express label was attached to the parcel. The "Signature Required" box was not checked on the Priority Mail Express label. This allowed the parcel to be delivered without the addressee or the addressee's agent having to sign for the parcel, contingent upon the parcel being left in a secure location at the address. This allows delivery to be tracked

without affirmative acceptance by an individual who may be under investigation by law enforcement.

19. On December 8, 2017, Postal Inspectors met with the Indianapolis Metro Drug Task Force handler assigned to narcotics detection canine "Maggie." Priority Mail Express parcel EM016636130US was placed among other parcels where "Maggie" could examine such parcels. Upon examination of Priority Mail Express parcel EM016636130US, the canine handler informed Postal Inspectors that Maggie had alerted to the detection of a controlled substance and/or the odor of a controlled substance in the parcel. Individuals who regularly handle controlled substances often leave the scent of controlled substances on the box and other packaging materials they handle. Packaging materials are also often stored in close proximity to the controlled substances, transferring the odor to the packaging materials. Narcotic canines are trained to alert on these substances.

20. Based upon this information, on December 11, 2017, the Inspectors applied for a Federal Search Warrant in Cause No. 1:17-mj-1097. Upon review by the Court for the Southern District of Indiana, the Court issued a search warrant for Priority Mail Express parcel EM016636130US, based upon probable cause. On December 11, 2017, Federal Search Warrant 1:17-mj-1097 was executed on Priority Mail Express parcel EM016636130US. The parcel was opened and found to contain fifteen USPS money orders itemized below by Serial Number, date and place of purchase and amount. The money orders were hidden between the pages of blank lined notebook paper.

| Serial Number | Date of Purchase | Place of Purchase | Amount |
|---|---|---|---|
| 23835543074 | 12/5/2017 | 46219 | $1,000.00 |
| 23835543085 | 12/5/2017 | 46219 | $1,000.00 |
| 24684841260 | 12/5/2017 | 46226 | $1,000.00 |
| 24684841271 | 12/5/2017 | 46226 | $1,000.00 |
| 23769219824 | 12/6/2017 | 46220 | $1,000.00 |
| 23769219835 | 12/6/2017 | 46220 | $1,000.00 |
| 23859989370 | 12/6/2017 | 46206 | $1,000.00 |
| 23859989381 | 12/6/2017 | 46206 | $1,000.00 |
| 23874438881 | 12/6/2017 | 46254 | $1,000.00 |
| 23874438892 | 12/6/2017 | 46254 | $1,000.00 |
| 24641842353 | 12/6/2017 | 46218 | $1,000.00 |
| 24641842364 | 12/6/2017 | 46218 | $1,000.00 |
| 24684837535 | 12/6/2017 | 46226 | $1,000.00 |
| 24684837546 | 12/6/2017 | 46226 | $1,000.00 |
| 24682841440 | 12/7/2017 | 46226 | $440.00 |

21. The money orders were blank with no recipient or payee listed. Inspectors know from their training and experience that blank money orders are often used to send narcotics proceeds back to suppliers or to individuals who are owed money. Many times the money orders derived from narcotic proceeds are not filled in so that the money orders can be used like cash and transferred easily between individuals. Leaving money orders blank is not consistent with most legitimate business practices in that if the money orders were lost or stolen, the blank money orders could be negotiated by whoever comes into possession. Further, there would be no proof of payment to show that goods or services were paid for as would need be in a legitimate business transaction. The sending of blank money orders through the mail is consistent with the manner in which narcotic proceeds are transferred.



22.     There were no notes, receipts, or instructions in the parcel.  Inspectors know from training and experience that individuals who traffic controlled substances rarely include any type of instructions with the proceeds.[1]  Legitimate businesses or personal gifts normally contain notes, letters, receipts, cards, or coupons included with the cash or monetary instruments.

---

[1] Only the cover page announcing the brand from the package of lined notebook paper was included with the package of paper in which the money orders were concealed.





23. A criminal history check on Lewis revealed a 1992 conviction for Dealing Coke/Narcotics CL A, in which he was sentenced to 20 years imprisonment, with 15 years suspended; a 1995 conviction for Conspiracy Dealing in Coke, CL A, in which he was sentenced to eight years; and, a 2010 conviction for carrying a concealed weapon with prior conviction. In addition, he was convicted of possession of marijuana for sale in California in 2013. In addition, his criminal history check indicates that he has a number of aliases, and at least two Social Security Numbers and two birth dates associated with him.

24. A criminal history check on Jamil Littlejohn revealed a 1992 conviction for disorderly conduct intoxicated drug/alcohol.

25. As a result of the seizure, the Postal Money Order branch was contacted to flag

9

each money order for purpose of preserving its value. Administrative Forfeiture proceedings were initiated by the USPIS on all fifteen (15) Postal Service Money Orders. On February 5, 2018, personal notice letters were mailed to Michael Lewis and to J. Littlejohn

26. On February 28, 2018, the USPIS received a claim and petition for remission or mitigation of forfeiture as to the 15 money orders valued at $14,440.00 from Lewis. In his claim, Lewis asserted that he met Littlejohn on Facebook, and that he sent him the money to purchase a Low-Rider vehicle.

27. No other claims or petitions were received for the Defendant Property.

28. Upon the filing of Lewis' claim, the USPIS transmitted the claim to the United States Attorney's Office for the purpose of initiating a judicial forfeiture action against the Defendant Property.

## PERTINENT STATUTES

29. Under 21 U.S.C. § 841(a)(1), it is a federal crime for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance.

30. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States and no property right shall exist in them.

PRAYER FOR RELIEF

Based on the factual allegations set forth above, there is probable cause to believe that the Defendant Property is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. §801 *et seq.*]," and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States for disposition according to law; and that the United States be granted any relief this Court may deem just and proper.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   *s/ Debra G. Richards*
Debra G. Richards
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-6125

## VERIFICATION

I, Jonathan Rogowski, hereby verify and declare under penalty of perjury that I am a U.S. Postal Inspector for the U.S. Postal Inspection Service ("USPIS"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a U.S. Postal Inspector with the USPIS.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 5/29/2018

Jonathon Rogowski
U.S. Postal Inspection Service

12

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.    Example:    U.S. Civil Statute: 47 USC 553
                                                      Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cv-01630 |
| | ) | |
| FIFTEEN (15) POSTAL SERVICE MONEY ORDERS VALUED AT $14,440.00 IN UNITED STATES CURRENCY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## **WARRANT FOR ARREST OF PROPERTY**

TO:    ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 29th day of May, 2018, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against Fifteen (15) Postal Service Money Orders Valued At $14,440.00 In United States Currency; ("defendant property"), defendant herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant currency into the possession of the United States of America, to be detained in the possession of the United States until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____                              _____
                                                                                        Laura A. Briggs, Clerk
                                                                                        United States District Court
                                                                                        Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.